**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Holding a Criminal Term
Grand Jury Sworn in on May 3, 2018

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 18-CR- |
| | : | |
| v. | : | Grand Jury Original |
| | : | |
| **ISABELLE GARCIA,** | : | Violations: |
| | : | |
| Defendant. | : | 18 U.S.C. § 1343 (Wire Fraud) |
| | : | |
| | : | 18 U.S.C. § 1344(2) (Bank Fraud) |
| | : | |
| | : | 22 D.C. Code §§ 3221(a), |
| | : | 3222(a)(1) (First Degree Fraud) |
| | : | |
| | : | Forfeiture: |
| | : | 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. |
| | : | § 982(a)(2)(A), 28 U.S.C. § 2461(c), |
| | : | 21 U.S.C. § 853(p) |

## INDICTMENT

The Grand Jury charges that:

## BACKGROUND

At times material to this Indictment:

### Introduction

1. Defendant Isabelle Garcia (Defendant Garcia) was a resident of the District of Columbia.

2. The George Town Club (GTC) was a private dining club located in the District of Columbia. In or about April 2006, Defendant Garcia began working as the controller for GTC.

3. As the GTC controller, Defendant Garcia was responsible for managing GTC's financial affairs. The GTC General Manager (GM) was Defendant Garcia's direct supervisor.

4. GTC maintained an operating account and a payroll account. Citibank account number XXXX9375 was the operating account and Citibank account number XXXX9383 was the payroll account until in or around August 2011.

5. In or around August 2011, EagleBank account number XXXXXX6691 became the GTC operating account and EagleBank account number XXXXXX6576 became the GTC payroll account.

6. Defendant Garcia, the GTC treasurer, and the GTC GM had signature authority on GTC's operating account. Funds in the GTC operating account were only supposed to be used to pay legitimate GTC expenses.

7. The GTC GM had sole signature authority on the GTC payroll account. Defendant Garcia had no authority to sign GTC checks from the payroll account. The payroll account was supposed to be used only for payroll expenses.

8. Defendant Garcia had no authority to use GTC funds to pay her personal expenses.

9. Bank of America account number XXXXXXXX3159 was Defendant Garcia's personal checking account.

10. Citibank was a financial institution, within the meaning of Title 18, United States Code, Section 20(1). It was insured by the Federal Deposit Insurance Corporation.

## COUNTS ONE THROUGH TWO
### (Wire Fraud)

**The Scheme to Defraud**

11. Paragraphs 1 through 9 are incorporated here.

12. From on or about December 14, 2006, to on or about September 30, 2013, Defendant Garcia knowingly devised, intended to devise, and participated in a scheme and artifice

to defraud and to obtain money and property from GTC by means of materially false and fraudulent pretenses, representations, and promises.

## The Purpose of the Scheme

13. The purpose of the scheme to defraud was for Defendant Garcia to unlawfully enrich herself by fraudulently obtaining GTC funds for her personal use and benefit.

## The Manner and Means of the Scheme

14. It was a part of the scheme to defraud that Defendant Garcia used her position as the GTC controller to write checks and electronically transfer funds from GTC accounts to her Bank of America account without authorization from GTC.

15. It was a further part of the scheme to defraud that Defendant Garcia used her position as the GTC controller to write checks and electronically transfer funds from a GTC account to pay off her personal credit accounts without authorization from GTC.

16. It was further a part of the scheme to defraud that Defendant Garcia concealed her misappropriation of GTC funds from GTC officials, including the GTC GM.

## The Execution of the Scheme

17. On or about the following dates, Defendant Garcia, for the purpose of executing the above-described scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce the writings, signs, signals, and sounds described below from a Bank of America branch in the District of Columbia:

| Count | Date | Wire Transmission |
|---|---|---|
| One | May 30, 2013 | Electronic images of GTC check no. 005028 for $2,366.83 from Eagle Bank account number XXXX6576 |
| Two | May 31, 2013 | Electronic images of GTC check no. 012607 for $741.53 from Eagle Bank account number XXXX6691 |

**(Wire Fraud, in violation of Title 18, United State Code, Section 1343)**

## COUNT THREE
### (Bank Fraud)

18.  Paragraphs 1 through 10, and 13 are incorporated here.

19.  From on or about December 14, 2006, to on or about September 9, 2011, Defendant Garcia, within the District of Columbia, participated in a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, Citibank, a financial institution, by means of materially false and fraudulent pretenses, representations, and promises, to wit, Defendant Garcia knowingly executed and attempted to execute the scheme by depositing GTC Citibank checks with the forged signature of the GTC GM into her Bank of America account without the authorization of GTC.

**(Bank Fraud, in violation of Title 18, United States Code, Section 1344(2))**

## COUNT FOUR
### (First Degree Fraud)

20.  Paragraphs 1 through 9, and 13 through 16 are incorporated here.

21.  From on or about December 14, 2006, to on or about September 30, 2013, within the District of Columbia, Defendant Garcia engaged in a scheme and systematic course of conduct with intent to defraud and to obtain property of GTC by means of a false and fraudulent pretense, representation, and promise, and thereby obtained property and caused GTC to lose property valued at $1,000 or more.

**(First Degree Fraud, in violation of Title 22, District of Columbia Code, Sections 3221(a), 3222(a)(1))**

## FORFEITURE ALLEGATION

1.  Upon conviction of an offense alleged in Counts One or Two, Defendant Garcia shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the

offense. The United States will seek a forfeiture money judgment against Defendant Garcia in the amount of at least $304,562.

2. Upon conviction of the offense alleged in Count Three, Defendant Garcia shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds Defendant Garcia obtained directly or indirectly, as the result of the offense. The United States will seek a forfeiture money judgment against Defendant Garcia equal to the value of any property constituting, or derived from, proceeds Defendant Garcia obtained directly or indirectly, as the result of the offense.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of Defendant Garcia:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

Defendant Garcia shall forfeit to the United States any other property of Defendant Garcia, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

A TRUE BILL:

FOREPERSON

_____
ATTORNEY FOR THE UNITED STATES
IN AND FOR THE DISTRICT OF COLUMBIA