AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Isabelle Garcia ) | Case No.   18-cr-146 (JDB)/(ZMF) |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

❏ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

❏ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❏ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❏ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
❏ Prior criminal history
❏ Participation in criminal activity while on probation, parole, or supervision

- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties
- ☒ Lack of significant community or family ties to this district
- ☒ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☒ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☒ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Ms. Garcia, who allegedly embezzled funds from her previous employer, emphasized that the Bail Reform Act favors release and that she could only be detained if she poses a *serious* risk of flight. She proffered that detention was not warranted here as conditions of release would be effective. She argued that detention was was unfairly punitive. She proffered that in similar cases, courts have found that detention was not warranted. Ms. Garcia also asked the Court not consider the government's proffer of her foreign travel outside of France, as it was not referenced in the government's detention memorandum. In addition, Ms. Garcia highlighted that she is 56 years old, is a naturalized citizen of the United States, and has no criminal or bench warrant history. As to her potential risk of flight, Ms. Garcia proffered that she has surrendered her passport and that she only returned to France to care for her mother--who has since passed away. She stated that the timing of her departure from the U.S. was coincidental, and that her extradition demonstrates her desire to address the pending charges. More, Ms. Garcia highlighted there is no evidence that she has multiple identities or access to significant funds. She also argued that she should not be detained simply because she does not have an available third-party custodian or fixed address. Ms. Garcia further proffered that the weight of the evidence is the least important factor and that the assessment is not about the evidence of guilt. She noted too that her alleged fraud was not particularly complicated. Last, as to the government's proffer of her potential economic dangerousness, Ms. Garcia averred that the case cited by the government indicated that the analysis is of the likelihood that she will engage in fraud while on release, which is not a risk here given that she is no longer employed by the alleged victim.

Nature and circumstances of offense(s):

According to the government's proffer, Ms. Garcia, who was employed at the George Town Club ("GTC") in D.C., used her position to embezzle hundreds of thousands of dollars from the business. Specifically, the government proffered that between 2006--shortly after she began working at the GTC--and 2013, Ms. Garcia wrote approximately 137 checks to herself and twice transferred funds electronically to herself, for a total of $218,000. In addition, she also allegedly used checks and electronic transfers to use GTC funds to pay her personal credit accounts in an amount totaling approximately $86,000. The government also proffered that all of the checks except two were signed in Ms. Garcia's name. They alleged that she had forged the GTC's general manager's signature on the other two. More, during at least some of the time she was allegedly embezzling money, Ms. Garcia was working from home because she claimed to be suffering from a medical condition. However, the government found no evidence of any medical condition. The government did find evidence that Ms. Garcia had started a restaurant in a different state during this same time, and some of the alleged fraud procceds were used for restaurant expenses. The GTC uncovered the alleged fraud in October 2013 and confronted Ms. Garcia, who confessed to embezzling funds. On October 24, 2013, Ms. Garcia met with GTC representatives and promised to pay the money back. On October 31, 2013--prior to being fired by GTC on November 4 of that year--Ms. Garcia fled the United States and did not return until she was extradited on the instant charges. Based on the fraudulent nature of the alleged scheme--which includes potentially forged signatures--and Ms. Garcia's apparent flight from this country, this factor weighs in favor of pretrial detention.

The strength of the government's evidence:

The government's evidence is strong, thus this factor also weighs in favor of pretrial detention. The strength of the government's case may motivate Ms. Garcia to flee. The government proffered that after Ms. Garcia was confronted by representatives of the GTC, she confessed to having taken approximately $150,000-$200,000 from the business, dating back to shortly after she began working there. The government also has evidence in the form of the allegedly fraudulent--and possibly forged--checks and records of the funds transferred to Ms. Garcia's personal accounts. Counsel for Ms. Garcia argued that this second factor is not an assessment of a defendant's guilt; however, this Court has previously found, and continues so to find, that this factor is based on an evaluation of the inculpatory evidence against a defendant. *See United States v. Kent*, No. 20-cr-209 (CRC), Detention Mem. 5-9, ECF No. 8 (internal citations omitted) (finding that judges can consider the weight of the evidence of a defendant's guilt without infringing on the presumption of innocence or other due process rights). Although the Court does not consider this factor to be the most important in a detention analysis, the evidence implicating Ms. Garcia in long-term fraud does tend to further justify her detention pending trial.

The defendant's history and characteristics, including criminal history:

Ms. Garcia is 56 years old, has no criminal record, has been gainfully employed, is a naturalized citizen of the United States, and cared for her ill mother. Despite these positive characteristics, this factor weighs in favor of pretrial detention on flight risk grounds. Although Ms. Garcia is a citizen of the United States, she has retained her citizenship in France, which is where she allegedly fled after her scheme was uncovered. Ms. Garcia had lived in the United States for years prior to leaving, gained citizenship, started a restaurant in a different state, and may have also owned a house. Although she proffered that she returned to France to care for her ill mother, the undersigned finds that a more likely inference is that she fled to avoid any negative consequences as a result of her alleged fraud. In spite of her ties to the U.S., she has not once since returned since she last left the country.  In addition, the charges Ms. Garcia faces provide for very lengthy potential sentences, which may incentivize her to attempt to flee to avoid prosecution. For these reasons, Ms. Garcia's history and characteristics weigh in favor of pretrial detention.

The defendant's dangerousness/risk of flight:

Although the Court agrees that potential economic crimes can be considered in determining whether a defendant's release poses a danger to the community, here the Court finds that Ms. Garcia's release does not pose a sufficient risk of potential future economic danger to support her detention. *See United States v. Giordano*, 370 F. Supp. 2d 1256, 1270 (S.D. Fla. 2005) (noting that "[t]here can be no question that an economic danger, like that posed by a serial defrauder, falls under the broad umbrella of 'dangerousness' as that term is used throughout the Bail Reform Act.").  Although Ms. Garcia allegedly embezzled funds from the GTC over the course of many years and defaulted on a Small Business Loan, the undersigned finds that her potential for future economic danger has been sufficiently mitigated by her lack of current employment. Thus, this factor weighs in favor of release.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 12/16/2020

2020.12.16 00:58:47 -05'00'

United States Magistrate Judge