UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL - 2 2021
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA

v.

ISABELLE GARCIA,

Defendant.

Criminal No.: 18-cr-146

## STATEMENT OF THE OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, the parties in this case, the United States of America and the defendant, Isabelle Garcia, stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which she is pleading guilty.

### Introduction

1. Defendant Isabelle Garcia (Defendant Garcia) was a resident of the District of Columbia.

2. The George Town Club (GTC) was a private dining club located in the District of Columbia. In or about April 2006, Defendant Garcia began working as the controller for GTC.

3. As the GTC controller, Defendant Garcia was responsible for managing GTC's financial affairs. The GTC General Manager (GM) was Defendant Garcia's direct supervisor. Defendant Garcia's position as treasurer afforded her a great deal of discretion. Among other things, Defendant Garcia had control over GTC's computer systems (including all passwords) and bank records and faced little to no questions about GTC's finances at meetings of the GTC Board of Directors

1

4. GTC maintained an operating account and a payroll account. Citibank account number XXXX9375 was the operating account and Citibank account number XXXX9383 was the payroll account until in or around August 2011.

5. In or around August 2011, EagleBank account number XXXXXX6691 became the GTC operating account and EagleBank account number XXXXXX6576 became the GTC payroll account.

6. Defendant Garcia, the GTC treasurer, and the GTC GM had signature authority on GTC's operating account. At times, Defendant Garcia served as Acting GM and thus had signature authority on the operating and payroll accounts. Funds in the GTC operating account were only supposed to be used to pay legitimate GTC expenses. Defendant Garcia was the only GTC employee with access to the bank statements.

7. The GTC GM had sole signature authority on the GTC payroll account. As stated above, at times Defendant Garcia served as Acting GM and thus had authority to sign GTC checks from the payroll account. The payroll account was supposed to be used only for payroll expenses.

8. Defendant Garcia had no authority to use GTC funds to pay her personal expenses. Bank of America account number XXXXXXXX3159 was Defendant Garcia's personal checking account.

### The Scheme to Defraud

9. From on or about December 14, 2006, to on or about September 30, 2013, Defendant Garcia knowingly devised, intended to devise, and participated in a scheme and artifice to defraud and to obtain money and property from GTC by means of materially false and fraudulent pretenses, representations, and promises.

## The Purpose of the Scheme

10.     The purpose of the scheme to defraud was for Defendant Garcia to unlawfully enrich herself by fraudulently obtaining GTC funds for her personal use and benefit.

## The Manner and Means of the Scheme

11.     It was a part of the scheme to defraud that Defendant Garcia used her position as the GTC controller to write checks and electronically transfer funds from GTC accounts to her Bank of America account without authorization from GTC.

12.     It was a further part of the scheme to defraud that Defendant Garcia used her position as the GTC controller to write checks and electronically transfer funds from a GTC account to pay off her personal credit accounts without authorization from GTC.

13.     It was further a part of the scheme to defraud that Defendant Garcia used her position as the GTC controller to conceal her misappropriation of GTC funds from GTC officials, including the GTC GM. Among others, Garcia engaged in the following acts of concealment:

- In or about 2012, the GTC treasurer asked Defendant Garcia for an expense breakdown report and Defendant Garcia never provided one.
- In or around July 2013, when asked by the GTC treasurer financial questions and to provide bank records, she did not provide the records and avoided answering the questions;
- In or around September 2013, the GTC treasurer examined the GTC September 2013 internal financial statement, which Defendant Garcia had created. It only listed GTC's income and expenses. It did not have any detailed information.

On October 14, 2013, the treasurer contacted Defendant Garcia and asked her for GTC's bank statements. Defendant Garcia was supposedly working from home at the time because she claimed to be undergoing chemotherapy treatments. Defendant Garcia did not provide any bank statements.

On October 17, 2013, the GTC treasurer again contacted Garcia and asked for GTC bank statements. Garcia told the GTC treasurer she was too busy dealing with her "illness" and did not want to talk about GTC business.

### The Execution of the Scheme

14. On or about May 30, 2013, Defendant Garcia, for the purpose of executing the above-described scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce the writings, signs, signals, and sounds from a Bank of America branch in the District of Columbia, to wit electronic images of GTC check no. 005028 for $2,366.83 from Eagle Bank account number XXXX6576.

15. Through her scheme to defraud, Defendant Garcia wrongfully obtained $300,422.06 from the GTC to which she was not entitled.

CHANNING PHILLIPS
ACTING UNITED STATES ATTORNEY

By: _____
Peter C. Lallas
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-6879
Peter.Lallas@usdoj.gov

4

## DEFENDANT'S ACKNOWLEDGMENT

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

I have read every word of this Statement of the Offense, or have had it read to me. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 06 25 2021

_____
Isabelle Garcia
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt and stipulate to this Statement of the Offense as true and accurate.

Date: 6/25/2021

*Ubong E. Akpan*
_____
Ubong Akpan, Esq.
Attorney for Defendant Isabelle Garcia