# EXHIBIT 10

Saturday, October 09, 2021

# POR UN SAHARA LIBRE .org – PUSL

🇬🇧 ENGLISH ⌄    INICIO    DOCUMENTACIÓN

PUBLICACIONES, ANALISES E INFORMES    INFORMES GDEIM IZIK

HISTORIA DE SÁHARA OCCIDENTAL    FRENTE POLISARIO

CONFERENCIAS PUSL    EL MURO    DICCIONARIO HASSANIA

CULTURA SAHARAUI    QUIENES SOMOS Y CONTACTO

## Mohamed LAMIN HADDI, still in hunger strike, facing Covid 19

&#128100; porunsaharalibre    &#128197; 17 January, 2021



Uso de cookies

porunsaharalibre.org utiliza cookies para que usted tenga la mejor experiencia de usuario. Si continúa navegando está dando su consentimiento para la aceptación de las mencionadas cookies y la aceptación de nuestra política de cookies, pinche el enlace para mayor información.

ACEPTAR

plugin cookies

PUSL.- The Saharawi political prisoner Mohamed Lamin Haddi of the Gdeim Izik group, currently detained in Tiflet2, started a hunger strike on the 13th of January.

Haddi, who since his arrest in 2010 has been in Moroccan prisons more than 1000 km from his homeland, Western Sahara, was sentenced to 25 years in trials which did not respect the basic rules of procedure and did not prove at any time that a crime had been committed by Mohamed Lamin Haddi.

For several weeks now, the «cell» of Mr HADDI which is 5m2 is regularly searched by several guards.

Those searches are completely arbitrary which is confirmed by Moroccan law itself which stipulates that the director of the jail has to decide on the frequency of the search. A search, according the Moroccan law is to be made when a prisoner enters the establishment and each time he is removed and returned there, for any reason whatsoever, and at the end of any daily activity, as well as before and after going to the visiting room or visit.

However, Haddi did not receive any visit since march 2020 because of the Covid-19 and never exits his cell because he is in prolonged isolation since 2017.

Haddi is not entitled to have warm food while it is a hard winter and he has nothing in his cell; not even a blanket. He did not see a doctor after all these years although he is suffering from the consequences of the torture he has been subjected and the detention condition he is submitted to now for 3 years.

For his lawyer, Maître OULED, the inhumane treatment to which HADDI but also the Gdeim Izik detainees of Tiflet are subjected to have to be qualified as tortures because the administration of Tiflet inflicts severe physical and mental pain with the only purpose of punishing and intimidating them.

Maître Ouled sent a new complaint to the Prosecutor of the King

Uso de cookies

porunsaharalibre.org utiliza cookies para que usted tenga la mejor experiencia de usuario. Si continúa navegando está dando su consentimiento para la aceptación de las mencionadas cookies y la aceptación de nuestra política de cookies, pinche el enlace para mayor información.

ACEPTAR

plugin cookies

Neither the family nor the Moroccan judiciary authorities were informed of the beginning of the hunger strike as stipulated by Moroccan law.

During the last search this Friday, the guards did not even enter wearing  masks while according the director of the DGAPR itself  a great number o of guards are affected by the Covid-19 and the lack of doctors due to the « lack of effort of the health ministry » and of money could lead to a humanitarian catastrophe at Tiflet2.

Haddi told his family, he will be in hunger strike until he dies because he prefers to die than to live in this jail. An urgent request of transfer has been made.

*OLFA OULED*

*AVOCATE AU BARREAU DE PARIS*

*(...)*

*Subject: Urgent complaint for ill-treatment intentionally committed by several public officials*

*By letter with acknowledgment of receipt*

*Mr. Prosecutor of the King,*

*I am writing to you on behalf of Mr HADDI Mohamed Lamin (prison number 1896), currently detained in Tiflet 2 prison.*

*As you know, my Client has been in isolation for 3 years. He must remain in his cell at least 23 hours a day, which constitutes prolonged solitary confinement even if he is not qualified as such by Moroccan law[1].*

*In addition to the dramatic state of health in which my Client is, it appears that the Tiflet 2 prison administration is subjecting my Client to inhuman and degrading treatment, like his co-detainee, Mr ABBAHAH, who despite the granting of interim measures by*

Uso de cookies

porunsaharalibre.org utiliza cookies para que usted tenga la mejor experiencia de usuario. Si continúa navegando está dando su consentimiento para la aceptación de las mencionadas cookies y la aceptación de nuestra política de cookies, pinche el enlace para mayor información.

ACEPTAR

plugin cookies

*The seriousness of this treatment has reached such a high threshold that it now appears, in my opinion, to constitute torture.*

*For several months now, Mr HADDI has been subjected to regular searches of his cell, in the presence of the prison director, without any reason and this while article 68 of Dahir n ° 1-99-200 of 13 joumada I 1420 promulgating Law No. 23-98 on the organization and operation of penitentiary establishments. (BO of September 16, 1999) provides that "Prisoners must be searched frequently and as often as the director of the establishment considers necessary. In particular, they are searched when they enter the establishment and each time they are removed and returned there, for any reason whatsoever, and at the end of any daily activity, as well as before and after being in the visiting room or visit".*

*The need for such regular searches while the plaintiff is in a cell that is no more than 5m2 and has been deprived of all contact for 3 years, and visits since April 2020, raises serious questions.*

*On December 14, during a new search, the little possessions Mr HADDI had (a radio, a few books and some clothes) were confiscated from him, in the presence of the prison director.*

*It appears that the guards were without masks even though, according to the admission of the General Delegation for the Prison Administration and Reintegration itself, during a meeting on November 3, several guards tested positive for Covid-19.*

*The cruel lack of means, in particular medical resources, by the DGAPR's own statement, raises fears that the state of health of Mr HADDI who decided to start a hunger strike since January 13, "until death",  gets worse quickly.*

*The lack of total precaution while the need for searches remains to be justified is also a source of concern.*

*The applicant thus intends to request his immediate transfer*

Uso de cookies

porunsaharalibre.org utiliza cookies para que usted tenga la mejor experiencia de usuario. Si continúa navegando está dando su consentimiento para la aceptación de las mencionadas cookies y la aceptación de nuestra política de cookies, pinche el enlace para mayor información.

ACEPTAR

plugin cookies

*This hunger strike will hardly worsen the state of health of my Client who, deprived of a doctor for years, could not eat other than "cold food" while temperatures are exceptionally low in the Tiflet region.*

*Obviously, article 131 of the aforementioned Dahir was not respected and no information on this hunger strike reached the judicial authority or the applicant's family, officially.*

*This is all the more serious as Mr HADDI does not have an individual telephone in his cell unlike the majority of detainees since the start of the epidemic and that communications with his family are irregular and those with his Council non-existent.*

*Despite the number of confirmed Covid-19 cases in this prison, the 7 guards, who on January 15, carried out a search of more than 40 minutes, still did not wear masks, or gloves, which constitutes a deliberate endangerment of his life.*

*Mr HADDI's water bottle was even requisitioned, demonstrating the cruelty exercised against him.*

*As you know, under the terms of article 22 of the Moroccan Constitution: "The physical or moral integrity of anyone, in any circumstance whatsoever and by any person, private or public. No one shall inflict on another, under any pretext whatsoever, cruel, inhuman, degrading or undermining treatment. The practice of torture, in all its forms and by anyone, is a crime punishable by law. "*

*According to article 231-1 of the Moroccan Penal Code, "the term torture refers to any act which causes severe pain or suffering, whether physical or mental, committed intentionally by a public official or at his instigation or with his express or tacit consent, inflicted on a person for the purposes of intimidating him or putting pressure on him or putting pressure on a third person, to obtain information or indications or a confession , to punish him for an act that he or a third person has committed or is suspected*

Uso de cookies

porunsaharalibre.org utiliza cookies para que usted tenga la mejor experiencia de usuario. Si continúa navegando está dando su consentimiento para la aceptación de las mencionadas cookies y la aceptación de nuestra política de cookies, pinche el enlace para mayor información.

ACEPTAR

plugin cookies

*resulting solely from legal sanctions or occasioned by or inherent in such sanctions ".*

*Article 231-2 of the same code provides that: "Without prejudice to more serious penalties, is punished with imprisonment of five to fifteen years and a fine of 10,000 to 30,000 dirhams any public official who has practiced the torture provided for in article 231-1 above. "*

*Therefore, I would ask you to open an investigation to clarify the current detention conditions of Mr HADDI and to examine the possibility of transferring him as soon as possible.*

*Finally, I have the honor to request, on the basis of Article 28 of the aforementioned Dahir, specific information concerning the state of health of Mr HADDI given the seriousness of the current situation. Such information will undoubtedly help guide the investigation into torture, which I urge you to initiate without delay.*

*I have the honor to ask you to acknowledge receipt of this letter as well.*

*I would also ask you to inform me of the follow-up of this complaint.*

*I remain at your disposal and please accept, the King's Attorney General, the expression of my highest consideration.*

*Copy: CNDH*

*Justice Ministry*

*DGAPR*

*Paris, January 16, 2021*

*[1] CAT/C/68/D/817/2017*

Uso de cookies

porunsaharalibre.org utiliza cookies para que usted tenga la mejor experiencia de usuario. Si continúa navegando está dando su consentimiento para la aceptación de las mencionadas cookies y la aceptación de nuestra política de cookies, pinche el enlace para mayor información.

ACEPTAR

plugin cookies

No related posts.

Español (Spanish)    Português (Portuguese (Portugal))    English    Français (French)

العربية (Arabic)

Multilingual WordPress with WPML

Uso de cookies

porunsaharalibre.org utiliza cookies para que usted tenga la mejor experiencia de usuario. Si continúa navegando está dando su consentimiento para la aceptación de las mencionadas cookies y la aceptación de nuestra política de cookies, pinche el enlace para mayor información.

ACEPTAR

plugin cookies